WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Douglas Marcum,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Town of Marana, et al.,<br><br>　　　　　Defendants. | No. CV-21-00070-TUC-RM<br><br>**ORDER** |

On February 10, 2021, Plaintiff William Douglas Marcum filed a Complaint (Doc. 1) and an Application for Leave to Proceed In Forma Pauperis (Doc. 2). The Court has reviewed the Application to Proceed In Forma Pauperis and finds good cause for granting it. The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Complaints**

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

**II.     Discussion**

Plaintiff filed a pro se civil rights Complaint under 42 U.S.C. § 1983 and 34 U.S.C. § 12601 alleging violations of the First, Fourth, Fifth, and Sixth Amendments. (Doc. 1.) Plaintiff also alleges claims of "reckless negligence," defamation, and "abuse of power." (*Id*.) Plaintiff names as Defendants the Town of Marana, the Marana Police Department ("MPD"), and MPD officers Crystal Chavez and Quan Nguyen. (*Id*.) Plaintiff alleges the following facts:

> After a dispatch, MPD officers determined that 'no law enforcement action would be taken,' prior to coming to my home late at night. After stating I did not want to talk to the

> officers, officers made me open my door and answer their questions without any arrest or Miranda warnings. Officers did not like my answers. In retaliation I was told they would contact my [employer]. The officers gave my [employer] evidence that they had collected that was not part of any crime. Officers were negligent to use their authority to violate my rights, abuse their power, and defame my character.

(Doc. 1 at 4.)

Plaintiff has failed to allege "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint contains only conclusory statements and allegations that do not adequately explain the nature of Defendants' unlawful conduct or how the Defendants' actions violated Plaintiff's rights. Plaintiff does not explain how the officers "made him" open his door. *See, e.g., Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (searches conducted pursuant to consent constitute an exception to the Fourth Amendment's search-warrant and probable-cause requirements). He does not allege that he was unlawfully detained or interrogated. He does not explain how or why the "evidence" given to his employer was retaliatory, or what the evidence was. He does not explain how he was harmed by any of the Defendants' actions. He does not explain how or why these alleged actions violated his rights.

Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

For each count, Plaintiff must write short, plain statements telling the Court: (1) the name of the Defendant who injured Plaintiff; (2) exactly what that Defendant did or failed to do; (3) how the action or inaction of that Defendant is connected to Plaintiff's injury; and (4) what specific injury Plaintiff suffered because of that Defendant's conduct. If Plaintiff is alleging a violation of his constitutional rights, he must specifically identify the constitutional right he believes was violated.

Plaintiff must repeat this process for each person or entity he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### III. Warnings

#### A. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) The Complaint (Doc. 1) is **dismissed with leave to amend**. Plaintiff shall file his first amended complaint within **thirty (30) days** of the date this Order is filed.

(3) If Plaintiff fails to file a first amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

Dated this 25th day of February, 2021.

_____
Honorable Rosemary Márquez
United States District Judge